GODFREY A. BANDHOLZ, PLAINTIFF IN ERROR, v. GREG-
ORY A. JUDGE, DEFENDANT IN ERROR.

Submitted July 12, 1898—Decided November 7, 1898.

J. agreed in writing to furnish B. certain specified work and materials for
a fixed sum, and in so doing to assume certain contracts for materials
previously ordered from dealers. *Held*, in a suit by J. to recover
under such agreement, that it was not competent to prove a contempo-
raneous oral agreement that the amount of the contracts assumed
should be the limit of cost of materials to J., and that B. should make
good any excess of actual cost.

On error to the Hudson Circuit.

In a suit against Bandholz, Judge secured verdict and judg-
ment for $470 as the balance due him for work and materials
furnished under contract with Bandholz, notwithstanding
proof that Bandholz had paid, directly and for materials for
which he had become responsible, more than the contract
price. The present writ of error reviews exceptions taken at
the trial.

Before MAGIE, CHIEF JUSTICE, and Justices DIXON, LUD-
LOW and COLLINS.

For the plaintiff in error, *Samuel A. Besson.*

For the defendant in error, *Fagen & Murphy.*

The opinion of the court was delivered by

COLLINS, J. Both the right and the obligation of the
plaintiff below must be discovered in a paper-writing of
which the following is a literal copy, viz. :

"HOBOKEN, N. J., May 27, 1896.
"Contract
between G J Bandholz and G A Judge.
"This is to certify that I. G. A.
Judge will do all work, inclu

ding, Painting Carpenter, Tinning
Dumbwaiter galvaniced Iron work
Painting and every thing else to com
plete a double and a single Flat
for Mrs Annie Menges acoarding
to Plans and Specifications furnished
by Nat E Smith and Som
For the Sum of Fourty nine hundred
Dollars $4900   00/100
Everything complete except the
Mason work. and also Plumbing
                                        complete
The said Judge to furnish all material
                signed
                and
all contracts      agreed   G. A. JUDGE
these
Firms to furnish material as ordered.  G. A. JUDGE"

The controversy at the trial was whether or not the parties had limited the cost of materials, chargeable against the plaintiff, to the aggregate amount of the pre-existing contracts assumed by him; and the error alleged turns upon the admissibility of testimony recited in the following instruction to the jury, viz. :

"This contract between these parties, Gregory A. Judge and Godfrey J. Bandholz, provides that Judge will do the work, including painting, carpenter work, tinning, dumbwaiter, galvanized iron work, and everything else to build a double and single flat for Mrs. A. M. Menges, according to the plans and specifications furnished by Nat. E. Smith & Son, for the sum of forty-nine hundred dollars, and everything complete except the mason work and the plumbing, and that said Judge is to furnish the material. Now, that is signed by Mr. Judge, and afterwards ' all contracts signed and agreed these firms to furnish material as ordered.' Judge swears that he did estimate upon this contract; Judge swears that

Bandholz v. Judge.    *62 N. J. L.*

he sat down and figured upon the whole of this part of the contract; and Mr. Bandholz said to Mr. Judge, I have already made contracts and here are estimates for certain of the materials, and you will have to assume them. Mr. Judge said he was to allow or pay for the amount of material that was furnished under those specified heads at the price given to him, and Mr. Bandholz says that it is not so. It is a question for you to determine which one of these statements is true.

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*

" Now, there is a problem for you to solve. Was he simply to take the contracts that Mr. Bandholz had made, that were for certain amounts to cover certain amounts of material, or was Mr. Judge to assume those contracts whether they came to that amount or not, or whether they cost more; that is a question for you to determine, and in doing so, you must exercise your sound judgment.

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*

" You have heard the testimony of Mr. Judge, where he says that Mr. Bandholz gave him the amount of the contracts or estimates, one for $1,300, another for $1,200, and so on to the amount of thirty-one hundred and some odd dollars ; that Mr. Bandholz told him at the time that he figured on this contract of $4,900 ; that he had made contracts with those people, and that they were for material, and that he furnished that material under his contract—by the estimates for the same. Now, there is a contradiction right here, Mr. Judge contending that the contract which he made with Mr. Bandholz and the material which he was to furnish and pay for, including in this contract of $4,900 the amount which Bandholz had contracted for, were the only amounts which he was responsible for ; and he further claims that if the materials cost more than the estimates he figured on, Bandholz would have to pay the difference. Mr. Bandholz, on the other hand, says that Judge was to furnish all the materials ; that he not only was to assume the contracts which he, Bandholz, had made, but he was to furnish all other materials necessary

to the building of these houses, viz., the part contracted for. It strikes me that is the first question for you to solve in this case, and you must solve it from the testimony as it has been given. The contract you will take with you."

As I understand the testimony, the writing, as originally signed, ended with the word "plumbing," and the matter now following that word was crowded in around Judge's signature, and the paper resigned. This difference, however, from the court's understanding of what was added is not material.

The testimony challenged is that relating to the conversation between the parties, at the time of signing the agreement, with reference to pre-existing contracts for materials.

This testimony was inadmissible and its submission to the jury was legal error which must lead to a reversal of the judgment and a *venire de novo.* The written agreement of the parties was unambiguous and its construction and interpretation were entirely for the court. *Rogers* v. *Colt,* 1 *Zab.* 704. Its meaning is plain. Judge agreed to do all the work and furnish all the materials, except mason work and plumbing, for Mrs. Menges' house, according to certain designated plans and specifications, for the sum of $4,900, and in so doing to assume certain contracts for materials already made by Bandholz. Parol evidence was only permissible to identify such contracts and the plans and specifications. If the writing did not truly express the real agreement, the plaintiff's remedy was by reformation in Chancery. *Van Horn* v. *Van Horn,* 4 *Dick. Ch. Rep.* 327. Nothing is better settled than that, in the absence of fraud or illegality, where a written agreement is complete on its face, oral testimony will not be permitted either to contradict it or to supply terms with respect to which the writing is silent, and that the only criterion of the completeness of a writing as a full expression of the agreement of the parties is the writing itself. A collateral contemporaneous agreement, by parol, may indeed be given effect, but only when it is on a subject distinct from that to which the written agreement relates.

This topic is discussed and illumined by Mr. Justice Depue

in the case of *Naumberg* v. *Young,* 15 *Vroom* 331, from which I extract the above statement of principles. That case is decisive in this court of the present controversy. It cannot successfully be argued that the alleged collateral agreement was on a subject distinct from the main one. It in effect varied that agreement from a contract to do the work and furnish the materials for a fixed sum, to a contract to do the work for a fixed sum and furnish the materials at cost.

The wise policy of the law forbids proof of such variance by parol when the contracting parties have reduced to writing the terms of their agreement.